IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JERROD JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CO II LORKE, *et al.*,<br><br>    Defendants. | Civil Action No.:  PX-24-1316 |

**MEMORANDUM ORDER**

Jerrod Johnson, an inmate at North Branch Correctional Institution ("NBCI"), brings this civil rights action against Sergeant Garret Lewis, Correctional Officer Patrick Lark, and Correctional Officer Vincent Lark,[1] for assaulting him and subsequently failing to provide medical care while he was housed at Western Correctional Institution ("WCI").  ECF No. 1.[2]  On April 16, 2025, Defendants moved to dismiss the Complaint or, alternatively, for summary judgment to be granted in their favor.  ECF No. 18.  The Court notified Johnson of his right to respond to the motion, and that his failure to respond may result in the Court deciding the motion without his further input.  *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975); ECF No. 21.  Johnson has not responded and the deadline for doing so has long passed.  For the reasons discussed below, Defendants' motion is granted.

Johnson alleges that on September 21, 2022, after losing consciousness because of uncontrolled diabetes, responding officers assaulted him, injuring his wrist and leg.  ECF No. 1 at 4.  Despite his complaints, Johnson did not receive medical care for two days.  *Id*.  Johnson also

---

[1] The Clerk shall be directed to amend the docket to reflect Defendants' full and correct names.

[2] The copy of the Complaint received by the Clerk's office was difficult to read; therefore, staff made a second copy of the Complaint in a manner that made the text darker and thus more legible.  *See* ECF No. 1-2.

asserts that he exhausted administrative remedies prior to filing suit but offers no specifics and does not append any proof of exhaustion. *Id*. at 5.

Defendants now urge the Court to dismiss the action for failure to exhaust administrative remedies. *See Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (collecting cases); *Germain v. Shearin*, 653 F. App'x 231, 234–35 (4th Cir. 2016) ("mandatory" dismissal for failure to exhaust requires dismissal without prejudice). The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Although exhaustion under § 1997e is not a jurisdictional prerequisite, a plaintiff must nonetheless exhaust before the court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). A court ordinarily may not excuse a failure to exhaust. *Id.* (*citing Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). At the same time, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was

2

prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaved*a, 478 F.3d at 1225); *Kaba*, 458 F.3d at 684.

The Maryland Department of Public Safety and Correctional Services ("DPSCS") provides state inmates an "inmate complaint resolution" process. *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), § 10-201 *et seq.;* Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). The process requires that the inmate first file what is known as an "ARP" with the facility's "managing official" within 30 days from the date of occurrence or discovery of the claimed violation, whichever is later. *See* COMAR 12.02.28.05(D)(1) & 12.02.28.09(B).

If the ARP is denied, the inmate must appeal the denial to the Commissioner of Correction. COMAR 12.02.28.05(D)(1) & 12.02.28.14(B)(5). If the Commissioner denies the inmate relief, the inmate next must file a grievance with the Incarcerated Individual Grievance Office ("IIGO"). C.S. § 10-206(a); C.S. § 10-210; COMAR 12.02.28.18. If the grievance is determined to be "wholly lacking in merit on its face," the IIGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B). An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). Because failure to exhaust is an affirmative defense, the Defendants must demonstrate that the inmate failed to exhaust all available remedies. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Defendants have submitted declarations of proper records custodians who attest that no ARPs or any appeals for any ARPs exist pertaining to this incident. *See* ECF Nos. 18-4, 18-5, 18-6. Johnson, for his part, has not responded to the motion, despite having been placed on notice of his right to be heard. Accordingly, nothing supports that Johnson ever exhausted his administrative remedies prior to filing suit. The Complaint must, therefore, be dismissed without prejudice.

For the reasons stated in this Memorandum Order, it is this 20th day of January, 2026, by

3

the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL AMEND the docket to reflect the correct names of Defendants Garret Lewis, Patrick Lark, and Vincent Lark;

2. Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 18) IS GRANTED;

3. The Complaint IS DISMISSED without prejudice for failure to exhaust administrative remedies;

4. Defendants' Motion to Seal (ECF No. 20) IS GRANTED;

5. The Clerk SHALL SEAL the documents at ECF No. 19;

6. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Johnson and to counsel; and

7. The Clerk SHALL CLOSE this case.

                                                    /S/
                                      Paula Xinis
                                      United States District Judge